UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC.,          :
a Florida not-for-profit corporation, and    :
PATRICIA KENNEDY, Individually,         :
                                        :
        Plaintiffs,                     :     Case No.
                                        :
v.                                      :
                                        :
SOUTHBY PARTNERSHIP, LTD.,              :
a Florida limited partnership,          :
                                        :
        Defendant.                      :
_____/  :

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., a Florida Non Profit Corporation, and

PATRICIA KENNEDY, Individually, on their behalf and on behalf of all other individuals similarly

situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, SOUTHBY

PARTNERSHIP, LTD., a Florida limited partnership, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1.      Plaintiff, ACCESS FOR THE DISABLED, INC., is a non-profit corporation formed under

        the laws of the State of Florida.  ACCESS FOR THE DISABLED, INC. maintains its

        principal office at 1440 Coral Ridge Drive, Coral Springs, Florida, in the County of Broward.

2.      Defendant's property, Sarabay Plaza, 6513 14th Street West, Bradenton, FL 34207, is located

        in the County of Manatee.

3.      Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff PATRICIA KENNEDY is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. PATRICIA KENNEDY has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS FOR THE DISABLED, INC., discussed below in paragraph 6.

6.      Plaintiff ACCESS FOR THE DISABLED, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled

to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims. Plaintiffs are deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiffs are aware that it would be a futile gesture to attempt to visit Defendant's property if they wish to do so free of discrimination.

7.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Sarabay Plaza, 6513 14th Street West, Bradenton, FL 34207.

8.  ACCESS FOR THE DISABLED, INC. and PATRICIA KENNEDY have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. PATRICIA KENNEDY desires to visit Sarabay Plaza not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff and members of the

corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

the goods, services, facilities, privileges, advantages and/or accommodations of the

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January

26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts

of $500,000 or less).  A preliminary inspection of Sarabay Plaza has shown that violations

exist.  These violations include, but are not limited to:

**Access to Goods and Services and Personnel**

1. The facility fails to adhere to a policy and procedure to afford goods, services, facilities,
privileges, advantages, or accommodations to individuals with disabilities in violation of 28
C.F.R. Part 36.302.

2. The facility fails to properly maintain accessible features and equipment required to be
readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part
36.211.

**Parking and Loading zone**

3. The facility fails to provide all required features in its parking spaces in violation of
Section
4.1.2(5)(b) of the ADAAG whose resolution is readily achievable.

4.  The signs used by the facility fail to meet all the requirements needed to comply with
local ordinances.

5.   The facility fails to provide sufficient access aisle   in violation of section 4.6.6 of the
ADAAG whose resolution is readily achievable.

**Accessible Routes**

6. An accessible route that complies with the ADAAG section 4.3.3 is not provided through
out the property, whose resolution is readily achievable.

**Restrooms**

7.   The facility fails to provide required grab bars in all restrooms in violation of Section 4.17.6 and 4.16.4 of the ADAAG whose resolution is readily achievable.

8.   The facility fails to adhere to all the required reach limitations, Violating sections 4.2.5 and
4.2.6 of the ADAAG, whose resolution is readily achievable.

9.   The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of the ADAAG, whose resolution is readily achievable.

10.   The restroom door has improper hardware for disabled persons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

11.   All The mirrors provided by the facility fail to meet the requirements of the of the ADAAG section 4.19.6 whose resolution is readily achievable.

12.   The facility fails to provide plumbing fixtures suitable for a disabled person required in section 4.19.5 of the ADAAG, whose resolution is readily achievable.

13.   The bathroom fixtures provided by this facility do not meet all the requirements of the ADAAG section 4.18.2, whose resolution is readily achievable.

11.   The discriminatory violations described in paragraph 10 are not an exclusive list of the

Defendant's ADA and FAC violations.  Plaintiffs require the inspection of the Defendant's

place of public accommodation in order to photograph and measure all of the discriminatory

acts violating the ADA and FAC and all of the barriers to access.  The individual Plaintiff,

the members of the Plaintiff group, and all other individuals similarly situated, have been

denied access to, and have been denied the benefits of services, programs and activities of

the Defendant's buildings and its facilities, and have otherwise been discriminated against

and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set

forth above.  The individual Plaintiff, the members of the Plaintiff group and all others

similarly situated will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Sarabay Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

**Thomas B. Bacon, P.A.**
Attorney-At-Law
4868 S.W. 103rd Ave.
Cooper City,  FL 33328
954-478-7811
fax 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By:_____
     Thomas B. Bacon, Esq.